**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BRENDA DRAKE, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:19-CV-1746 Hon. Leigh M. May |
| FIRSTKEY HOMES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT FIRSTKEY HOMES, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION TO DECLARE INEFFECTIVE DEFENDANT'S
OFFER OF JUDGMENT DATED MARCH 13, 2020**

Defendant FirstKey Homes, LLC ("FirstKey"), by and through its counsel, hereby submits this Opposition to Plaintiff's Motion to Declare Ineffective Defendant's Offer of Judgment Dated March 13, 2020 (the "Offer"). For the reasons set forth in FirstKey's Motion for Continued Stay, filed April 23, 2020 (ECF No. 58) ("Motion for Stay"), FirstKey respectfully submits that the Court should stay this action and decline to address Plaintiff's Motion at this time. As explained in the Motion to Stay and in FirstKey's forthcoming Reply in Support of the Motion to Stay, and in addition to the fact that the ongoing COVID-19 pandemic makes discovery impracticable and unsafe in the near term, the Supreme Court will soon resolve a constitutional challenge to the TCPA presented in *Barr v. American*

*Association of Political Consultants*, Appeal No. 19-631 ("*Barr*"). Mot. to Stay at 7. On May 6, 2020, the Supreme Court heard oral argument and took the matter under submission. A decision is likely by the end of June, and if the Court finds that the government debt exception to the TCPA's automated phone call prohibition is unconstitutional, the Supreme Court will decide whether this provision is non-severable, thereby rendering all of the TCPA's automated calling provisions unconstitutional and mooting Plaintiff's remaining claim. *Id.* at 8.

To the extent any of this dispute remains after the Supreme Court renders its decision in *Barr*, Plaintiff's Motion is properly denied for two equally important reasons. *First*, the Offer has already expired by its terms and defendant is not yet seeking costs based on the Offer. Therefore, the subject matter of the Motion is not even ripe. *Second*, even if the Motion were ripe, it improperly attempts to curtail a defendant's right to serve a Rule 68 offer of judgment expressly permitted by the Federal Rules. A carve out of Rule 68 for proposed class actions was considered – and *expressly rejected* – by the Advisory Committee. It was "well aware of Rule 23, but it chose not to exempt Rule 23, i.e., class actions, from Rule 68's purpose." *Leahy-fernandez v. Bayview Loan Servicing, LLC*, No. 8:15-CV-2380-T-33TGW, 2016 WL 1047159, at *1 (M.D. Fla. Mar. 16, 2016); *Roundtree v. Bush Ross, P.A.*, No. 814CV00357T27AEP, 2014 WL 12638851, at *2 (M.D. Fla. Apr. 24, 2014).

Specifically, the Advisory Committee considered amending Rule 68 so that it would "not apply to class or derivative actions under Rules 23, 23.1, and 23.2." Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to Fed. R. Civ. P., 102 F.R.D. 407, 433 (Sept. 1984). Significantly, this proposal was not adopted, and as it stands today, Rule 68 does not exclude class actions from its ambit. *Id.*

## RELEVANT BACKGROUND

On March 13, 2020, FirstKey served Plaintiff with an Offer pursuant to Fed. R. Civ. P. 68 in the amount of Five Hundred Dollars ($500), inclusive of attorneys' fees and costs, which is exactly the statutory damages that Plaintiff could (at most) recover in this TCPA lawsuit assuming Plaintiff prevailed at trial on her individual claim. *See* 47 U.S.C. §227(b)(3)(B).

Consistent with Rule 68, the Offer was unconditional and would remain open for fourteen (14) days after service, after which the Offer would be deemed withdrawn. Although the Offer would have expired by its terms on March 27, 2020, Plaintiff requested a thirty-day "extension," ostensibly to consider the Offer. In a show of good faith (including in light of the COVID-19 pandemic), FirstKey agreed to Plaintiff's requested extension. Yet instead of accepting or rejecting the Offer after the thirty days passed, on April 23, 2020, Plaintiff demanded that FirstKey

withdraw the Offer, and on April 27, 2020, Plaintiff filed her Motion.

The Offer equals the value of Plaintiff's individual claim and reflects FirstKey's desire to spare both Parties (and this Court) additional, wasteful litigation. Specifically, the Court has already granted summary judgment as to Plaintiff's "opt-out" claim. *See* Order, ECF No. 49, at 10. And although the Court denied summary judgment as to Plaintiff's "no-consent" claims, FirstKey believes that further discovery will confirm, among other things, that Ms. Drake's claims are idiosyncratic and atypical, and subject to unique defenses.

Tellingly, the Motion does not cite a single Federal Rule or Eleventh Circuit precedent giving this Court the authority to grant the relief requested by the Motion; nor does it cite a single case from this District where a Court granted a similar motion. This is because no such authority exists. *This Court* applies Rule 68 as the rule requires – identically in proposed class actions as in individual cases – and has refused to prematurely declare ineffective or strike Rule 68 offers of judgment made to a named plaintiff. *Taylor v. Screening Reports, Inc.*, Civil Action No. 1:11-CV-3426-AT-GGB, ECF No. 70, at 2 (N.D. Ga. Sept. 4, 2012) (Totenberg, J.) (attached as Ex. A hereto).

Plaintiff (or rather, her counsel) states the Offer is "of near-zero value to Plaintiff." Mot. at 2 n.3. This revealing statement ignores the reality that $500 is

*exactly* the amount Plaintiff can recover for her alleged claim under the TCPA (47 U.S.C. §227(b)(3)(B)) *even if she prevails at trial on her individual claim*. Plaintiff's *counsel* may believe this Offer is "of near-zero" value because the TCPA is not a fee-shifting statute, but $500 is the specified amount of statutory damages to which Plaintiff would be entitled were she to prevail on her individual claim. *Id.*

Plaintiff relies on inapposite cases where defendants made Rule 68 offers of judgment that were so excessive – many times more than the named plaintiff could ever *hope* to recover at trial – that the courts determined the offers were not made in good faith.[1] Ironically, Plaintiff purports to rely on this same caselaw to declare that FirstKey's Offer was somehow "not made in good faith." Mot. at 5. That is not correct, because the Offer of $500 is for *exactly* what Plaintiff could recover at trial. *See* 47 U.S.C. §227(b)(3)(B).

Plaintiff's so-called "dilemma" (Mot. at 2) is created by Rule 68 itself, which by its terms applies to *any* action, whether a plaintiff is pursuing claims individually or on behalf of a proposed class. That Plaintiff may in fact wind up liable for FirstKey's costs is the very reason the rule exists and in no sense is unfair. Rule 68 expressly provides defendants with a procedural mechanism to make good faith

---

[1] *See, e.g.*, *Gilmore v. USCB Corp.*, 323 F.R.D. 433, 434-35 (M.D. Ga. 2017); *Slovin v. Sunrun, Inc.*, No. 15-CV-5340 YGR, 2017 WL 2902902, at *1 (N.D. Cal. July 7, 2017).

settlement offers. It is designed to encourage plaintiffs to seriously consider the merits of their cases regardless of the procedural rules they purport to invoke. If the Court is inclined to consider the merits of the Motion, the Court should deny Plaintiff the relief requested.

## ARGUMENT

The Court should grant FirstKey's Motion to Stay and decline to address Plaintiff's Motion during the pendency of the stay. As explained in the Motion to Stay and in FirstKey's forthcoming Reply in Support of the Motion to Stay, and in addition to the fact that the ongoing COVID-19 pandemic would make discovery impracticable and unsafe at this time, the Supreme Court will soon resolve a constitutional challenge to the TCPA presented in *Barr*. Mot. to Stay at 7. During oral argument, questioning from a majority of the Justices indicated that severability likely would be the focus of their analysis.[2]

---

[2] *See* Oral Argument Tr., *Barr*, *available at* https://www.supremecourt.gov/oral_arguments/argument_transcripts/2019/19-631_7lio.pdf, at 8:7-8 (Chief Justice Roberts asking "why in that situation the whole statute shouldn't fall?"); *id.* at 9:11-18 (Justice Thomas noting it would "seem a bit odd" that "we sever the exception" since it would be "taking speech actually away from someone who's not in this case."); *id.* at 14:5-15 (Justice Ginsberg acknowledging that if the Court severs the government debt exemption, then plaintiffs would be "unsuccessful" because speech would be further restricted); *id.* at 19:4-7 (Justice Alito noting if "we apply the severability analysis" in a case involving the free speech clause, "the complaining party does not get what it wants, which is the ability to speak without restriction."); *id.* at 27:4-9 (Justice Gorsuch noting the "irony of a First Amendment challenge

I.     **If The Court Entertains The Motion,** *Taylor* **Provides The Rule Of Decision And Is Dispositive In FirstKey's Favor**

Alternatively, the Court should deny the Motion outright. Plaintiff's arguments are materially identical to arguments made by plaintiff in another proposed class action before this Court – that the Court expressly rejected. *Taylor*, at 2. In *Taylor*, defendant made a Rule 68 offer of judgment to plaintiff in his individual capacity in advance of briefing on class certification. Plaintiff moved to strike the Rule 68 offer, characterizing the offer as "part of an effort to 'pick off' the pending class action" and seeking relief to "eliminate a potential conflict between his interests and those of the class." *Id.* at 1-2. Magistrate Judge Brill rejected these arguments and refused to take the "pre-emptive action requested by Plaintiff." Judge Totenberg affirmed Magistrate Judge Brill after finding that "striking Defendant's offer of judgment would be inappropriate at this time." *Id.* at 2. The Court reasoned that "if Defendant later files a motion for costs under Rule 68, Plaintiff would have the opportunity to respond with the same argument he has made here showing that the offer of judgment was not made to the appropriate offeree or otherwise did not provide full relief," but that "[u]nless and until one of these eventualities occurs, further action on the matter is premature." *Id.* at 2.

---

leading to the suppression of more speech as a remedy."); *id.* at 32:3-9 (Justice Kavanaugh nothing that "this for me [is] at least a case about severability").

Although the Motion asks the Court to "declare ineffective" the Offer rather than strike it, *Taylor*'s reasoning fully applies and bars the relief requested in the Motion. *First*, Rule 68 permits FirstKey, like the defendant in *Taylor*, to make an offer of judgment. Plaintiff's (mis)characterization of the Offer as a "pick-off" is a misnomer, as, just like in *Taylor*, the concept is inapplicable to this case, because FirstKey has not suggested that the Offer moots Plaintiff's claim or otherwise moved for relief under the Offer. *Second*, there is no Offer for the Court to "declare" ineffective. By its terms, the Offer has been deemed withdrawn. FirstKey has not filed any motion to recover costs under the terms of the Offer, and therefore "further action on the matter is premature," *Taylor*, at 2, given that courts are forbidden from "rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes," such as this one. *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005). *Third*, for similar reasons, the Court lacks authority to grant Plaintiff's request to essentially rewrite the terms of the Offer and allow Plaintiff to accept or reject it following a decision on class certification. *Id*. *See also Davis v. Post University, Inc.*, No. 18-81004-CIV, 2019 WL 906832, at *1 (S.D. Fla. Feb. 1, 2019), report and recommendation adopted, 2019 WL 904790 (S.D. Fla. Feb. 22, 2019), *infra* at 15-17.

**II.     The Court Should Not Fashion A "Class Action" Exception To Fed. R. Civ. P. 68 That Was Already Considered – And Rejected**

Rule 68 allows a defendant to serve an opposing party with an offer to allow judgment on specified terms, with the costs then accrued, provided the offer is made 14 days before trial. Fed. R. Civ. P. 68(a). If the offer is not accepted, it is "considered withdrawn." Fed. R. Civ. P. 68(b). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation" by "provid[ing] a procedure for a party wishing to submit an offer of judgment." *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1168 n.9 (11th Cir. 2012) (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985)). "[A]pplication of Rule 68 will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates.'" *Leahy-fernandez*, 2016 WL 1047159, at *1 (citing *Marek*, 473 U.S. at 11)).

Rule 68 applies with full force to class actions. Fed. R. Civ. P. 1. In fact, the Advisory Committee was "well aware of Rule 23, but it chose not to exempt Rule 23, i.e., class actions, from Rule 68's purpose." *Leahy-fernandez*, 2016 WL 1047159, at *1; *Roundtree*, 2014 WL 12638851, at *2. Specifically, the Advisory Committee considered amending Rule 68 so that it would "not apply to class or

derivative actions under Rules 23, 23.1, and 23.2." Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Preliminary Draft of Proposed Amendments to Fed. R. Civ. P.*, 102 F.R.D. 407, 433 (Sept. 1984). Significantly, this proposal was ***not adopted***, and as it stands today, Rule 68 does not exclude class actions from its ambit.

Applying Rule 68 in the context of class actions makes good sense. "Settlement is not generically undesirable in class actions, even though subject to court control, so Rule 68's inducement to defendants to make substantial offers should apply in such cases." Wright & Miller, Fed. Prac. & P. § 3001.1 (2d ed. 1997). In fact, "there is little authority for invalidating Rule 68 in class actions." *Id.* "There is even some indication that the Supreme Court would disapprove any effort to treat class actions differently for Rule 68 purposes." *Id.* (citing *Evans v. Jeff D.*, 475 U.S. 717, 733 (1986) (in context of civil rights fee-shifting statute, noting plaintiffs should "not be penalized" for settling their individual cases and recognizing the "possibility of a tradeoff between merits relief and attorney's fees")).

Plaintiff's inaccurate framing of the Offer as a "pick-off" attempt does not justify a departure from this framework. The concept of a "pick-off" does not apply to this case. A "pick-off" occurs when a defendant tenders a pre-certification Rule 68 offer of judgment to argue that the named plaintiff's claims are *moot*. *Wilson v.*

*Gordon*, 822 F.3d 934, 947 (6th Cir. 2016). The idea of a pick-off is to "forestall class certification, on the theory that if the named plaintiffs have no active claims, then there can be no class action and the whole case falls apart, with defendants bearing only a tiny fraction of their potential exposure had class certification been granted." *Family Med. Pharmacy, LLC v. Perfumania Holdings, Inc.*, No. CV 15-0563-WS-C, 2016 WL 3676601, at *4 (S.D. Ala. July 5, 2016). This case, however, does not present a "pick-off." Instead, "[i]n this case, the Rule 68 offer does not moot Plaintiff's claims, and Defendant has filed no motion arguing otherwise." *Taylor*, at 2. Therefore, professed concerns about a "pick-off" are simply inapplicable.

        None of the cases cited by Plaintiff would allow this Court to create a class action exception to Rule 68. Mot. 4-5.[3] In each of the primary authorities cited by Plaintiff to argue that Rule 68 should not apply – *Nash*, *Weiss*, *Lamberson*, and *Boles* – the main issue was whether defendant's Rule 68 offer to the named plaintiff *mooted* the claims and, therefore, whether the court should dismiss the case for lack of subject matter jurisdiction. *Id.* These out-of-circuit cases are facially inapplicable

---

[3] Citing *Nash v. CVS Caremark Corp.*, 683 F. Supp. 2d 195, 196 (D.R.I. 2010); *Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004); *Lamberson v. Fin. Crimes Servs., LLC*, Civil No. 11–98 (RHK/JJG), 2011 WL 1990450, at *3-4 (D. Minn. Apr. 13, 2011); *Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2011 WL 4345289, at *4 (W.D. Tex. Sept. 15, 2011).

because, as just discussed, FirstKey is not attempting to "pick-off" Plaintiff to moot her claims. Although *Lamberson* also reviewed whether the Rule 68 offer created a conflict of interest between the named plaintiff and the putative class, the court drew on "dictum from the Eighth Circuit" to support its reasoning. *Lamberson*, 2011 WL 1990450, at *3-4. The *Lamberson* court failed to adhere to the plain language of Rule 68, and there is no indication that the court was aware that the Advisory Committee had declined to exempt class actions from Rule 68. The same flaw applies to *Boles* because it relies on *Lamberson*. *Boles*, 2011 WL 4345289, at *4.

Finally, Rule 68 applies to lawsuits filed as proposed class actions because an analogous rule – Rule 54(d) – plainly also applies in all civil cases, whether a proposed class action or individual case. *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005) (affirming award of costs to class action defendant against named plaintiff who lost at trial). Rule 54(d) embodies a "strong presumption in favor of awarding costs to the prevailing party," which is not overcome by "limited financial resources." *Id.* And prevailing parties may recover costs even if those costs were initially paid by a person or entity not a party to the lawsuit – *i.e.*, an insurance company, a lawyer or, a litigation funder. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (affirming award of costs paid by insurance carrier). "If cost-shifting under Rule 68(d) really were inconsistent with

the principles of Rule 23, then cost-shifting under Rule 54(d) would be as well." *Williams v. Amazon.com, Inc.*, 312 F.R.D. 497, 500 (N.D. Ill. 2015). In fact, multiple circuit courts – including the Eleventh Circuit – have awarded costs under Rule 54(d) in proposed class actions where class treatment has been denied, something that the Motion fails to acknowledge or address. *Pickett*, 149 F. App'x at 832; *White v. Sundstrand Corp.*, 256 F.3d 580, 585–86 (7th Cir. 2001); *In re Williams Sec. Litig.- WCG Subclass*, 558 F.3d 1144, 1151 (10th Cir. 2009). *See also Cayne v. Washington Tr. Bank*, No. 2:12-CV-000584-REB, 2017 WL 3749366, at *4 (D. Idaho Aug. 30, 2017) (noting "courts routinely have awarded taxable costs to defendants in class action cases.").

In short, "while a Rule 68 offer of judgment to the named plaintiff in a putative class action might present this party with a 'difficult choice' between his individual interests and the interests of the putative class, 'this merely reflects the strategic nature of our adversary system and in no way indicates a defect in the Federal Rules of Civil Procedure.'" *Combe v. Goodman Frost, PLLC*, 217 F. Supp. 3d 986, 988 (E.D. Mich. 2016) (citing *Mey v. Monitronics Int'l, Inc.*, No. 5:11–CV–90, 2012 WL 983766, at *5 (N.D. W. Va. March 22, 2012)). Here, FirstKey has invoked its right under Rule 68 to make a good faith settlement offer, a reasonable offer consistent with its view that this case is not amenable to class treatment and that both Parties

would benefit from a settlement to avoid pointless litigation costs. The Court should not create a "class action exception" to Rule 68 because "a policy categorically barring Rule 68 offers of judgment in class actions would be best set forth in the Federal Rules of Civil Procedure themselves." *Jacobson v. Persolve*, LLC, No. 14-CV-00735-LHK, 2014 WL 4090809, at *5 (N.D. Cal. Aug. 19, 2014).

## III.   Firstkey's Offer Has Been "Deemed Withdrawn" And Therefore There Is Nothing For The Court To "Declare" Ineffective In Any Event

Plaintiff further asks the Court to "declare" that FirstKey's Offer is "ineffective until it applies to the class, or [conveniently] until after a ruling on class certification." Mot. at 7. Plaintiff's request ignores the fact that the Offer was deemed withdrawn as of April 27, 2020 and currently has no legal significance. Plaintiff could not now accept the Offer even if she wanted to. Moreover, even assuming it were possible for the Court to somehow revive the terms of the Offer, there would be no point in doing so. FirstKey has not and may never file a motion for costs under Rule 68. If FirstKey ever does file such a motion, then Plaintiff will have the opportunity to respond at the appropriate time (but which notably may be rendered moot by an award to FirstKey of costs under Fed. R. Civ. P. 54(d), which no one disputes would be available to FirstKey should it prevail at trial). *Taylor*, at 2-3. Therefore, what Plaintiff seeks is an improper advisory opinion based on hypothetical future events. *Nat'l Advert. Co.*, 402 F.3d at 1339 (11th Cir. 2005).

Ignoring the in-district, persuasive reasoning in *Taylor*, Plaintiff relies on *Gilmore* as the centerpiece of her argument that the Court should declare the Offer ineffective. But *Gilmore* does not provide reasoned grounds for the Court to "declare ineffective" the expired Rule 68 Offer. *Gilmore* found courts follow three "main approaches" when evaluating Rule 68 offers of judgment to named plaintiffs, adopted the second approach, and declared the Rule 68 offer ineffective. *Id.* at 434-35. But in so holding, the *Gilmore* court relied on an out-of-circuit district court case presenting unique facts: namely, *Slovin*, where the court found that a Rule 68 offer for $100,000 per plaintiff was so excessive that it "was not made in 'good faith' but rather was an attempt to shift post-offer costs onto the individual plaintiffs or to persuade individual plaintiffs to abandon the putative class." *Slovin*, 2017 WL 2902902, at *4. In *Gilmore*, too, the Rule 68 offer for $7,500 was for more than the named plaintiff could ever have hoped to obtain at trial. For this reason alone, *Gilmore* and *Slovin* are readily distinguishable and inapplicable, as FirstKey's Offer for $500 is neither excessive nor more than Plaintiff could obtain at a successful trial on the merits. *See* 47 U.S.C. §227(b)(3)(B).

In addition to the fact that *Gilmore* cannot be squared with this Court's decision in *Taylor*, multiple decisions within the 11th Circuit have rejected the *Gilmore* decision outright, including very recent decisions. For example, *Davis v.*

*Post University, Inc.* was nearly identical to this case in every aspect. In *Davis*, defendant made a Rule 68 offer of judgment to a named plaintiff in a TCPA case, and plaintiff, citing *Gilmore*, asked the court to strike it. The court denied the motion. *First*, the court noted that Rule 68 applies to all civil actions filed in federal court, "does not contain a carve-out for Rule 23 class actions," and does "not contain a mechanism to strike or invalidate an offer." *Davis*, 2019 WL 906832, at *7. *Second*, the court also found it had no basis to exercise the court's inherent authority to strike the offer because the plaintiff failed to show improper behavior (bad faith) and attendant prejudice. *Id.* The offer did "not create a previously-nonexistent conflict," as a class action named plaintiff "*always* has a conflict of interest of sorts, because he has an individual as well as a representative interest in the outcome of the case." *Id.* at *8 (internal citation omitted). The court found there was "nothing wrong with a Rule 68 offer causing a litigant to reassess their litigation strategy," and nothing precluded plaintiff "from fairly assessing the Offer or adequately continuing to represent the classes." *Id.* at *9. The court also found that the record did "not evince any bad faith" by defendant. *Id.* at *10. Plaintiff's TCPA statutory damages totaled $3,500, or $10,500 if she could prove willfulness. *Id.* The Rule 68 offer, which was for $10,000, was "for less than the maximum statutory damages that [plaintiff], individually, could receive. These facts do not create an inference of bad faith." *Id.*

(distinguishing *Slovin* on this basis).[4] This Court should apply *Davis*'s thorough reasoning on indistinguishable facts and deny the Motion.

Also, nearly identical to the instant case is *Northrup v. Independent Truckers Group, Inc.*, No. 8:17-CV-1890-T-36JSS, 2018 WL 1787506, at *2 (M.D. Fla. Apr. 12, 2018). The TCPA named plaintiff in *Northrup* similarly moved to strike or deem ineffective a Rule 68 offer made by defendant. The court rejected the *Gilmore* approach and denied plaintiff's motion. The court noted that the Federal Rules of Civil Procedure "do not exempt offers of judgment from class actions," refused to strike an offer that was not before the Court, and found that because defendant "has not moved for relief under Rule 68, the Court's determination of the effectiveness of the Offer would constitute an improper advisory decision." *Id.* at *2.

The Court should adopt the thorough analyses set forth in *Davis* and *Northrup*, as well as in *Taylor* and *Leahy-fernandez*, and decline to "declare" FirstKey's Offer ineffective. These cases do not – as Plaintiff claims – simply turn on "procedural concerns." Mot. at 11. These cases implicate the judiciary's power to issue advisory opinions. "There may be no more unambiguous limitation on the power of the

---

[4] Although there are no facts here pled that could or would support a finding of willfulness, it is worth noting that FirstKey offered the statutory maximum Plaintiff could obtain *without* such a finding – or $500 (rather than $1,500). *See* 47 U.S.C. §227(b)(3)(B).

federal courts than that proscribing the entry of advisory opinions." *Crawley v. U.S.*, 417 Fed. App'x 94, 95 (2d Cir. Apr. 5, 2011) (citing Letter from Chief Justice John Jay and Associate Justices to President George Washington (Aug. 8, 1793)). For this reason, courts refrain from "rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes." *Nat'l Advert. Co.*, 402 F.3d at 1339.

Moreover, *Davis*, *Northrup*, *Taylor* and *Leahy-fernandez* do not, as Plaintiff argues, "fail to account" for the "dilemmas faced by class representatives when presented with Rule 68 offers." Mot. at 12. The whole *point* of a Rule 68 offer of judgment is to encourage a plaintiff to meaningfully weigh whether her ultimate recovery is likely to be more favorable than the terms of the Rule 68 offer. Rule 68 is designed to make plaintiffs "think very hard about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates." *Leahy-fernandez*, 2016 WL 1047159, at *1 (internal citation omitted).

Finally, the additional cases Plaintiff summarily lists in bullet-point form (Mot. at 8-11) do not support Plaintiff's request that the Court "declare" the Offer ineffective. Each case is out-of-circuit except *Sampaio v. People First Recoveries, LLC*, No. 07-22436-CIV, 2008 WL 509255, at *1 (S.D. Fla. Feb. 19, 2008), and in this 12 year-old case, the court specified no authority which allowed it to strike the

Rule 68 offer of judgment, did not follow the plain language of Rule 68, and did not acknowledge that the Advisory Committee had declined to exempt class actions from Rule 68. Moreover, some of the listed cases do not even represent the latest reasoning from their respective districts. For instance, Plaintiff cites *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 335 (D. Minn. 2011). Mot. at 9. But last year, a case from that district reached the opposite result. In *Borup v. CJS Sols. Grp.*, LLC, 333 F.R.D. 142, 147 (D. Minn. 2019), the court declined to strike a Rule 68 offer of judgment made to a named plaintiff, noting plaintiff "faces no meaningfully greater cost-shifting risk in the face of the Offer of Judgment than he would if he brought the action solely on his own behalf. A sword still dangles above his head, to be sure. But it is precisely the sword Rule 68 intended, and is not made uniquely perilous by [his] status as putative class representative."[5]

---

[5] Plaintiff urges this Court to embrace the outlier *Gilmore*. Only four published cases have cited to *Gilmore*. Three of them – *Davis*, *Northrup*, and *Borup* – rejected *Gilmore* outright. And the fourth – *Browne v. P.A.M. Transp., Inc*., No. 5:16-CV-5366, 2018 WL 5016108, at *1 (W.D. Ark. Oct. 16, 2018) – provides no help to Plaintiff because the question presented in *Browne* was whether the court would enforce a Rule 68 offer of judgment made to a proposed class member in addition to the named plaintiff alone. Plaintiff's argument that most courts take action on a request to strike or declare ineffective a Rule 68 offer of judgment (Mot. at 11) is not supported by the authority on which Plaintiff purports to rely. In fact, the reasoning in *Gilmore* has been rejected by the majority of courts, including this one. *Taylor*, at 2.

**IV.    The Court Has No Authority To Prospectively Allow Plaintiff To Accept Or Reject The Offer Following Class Certification**

The Motion alternatively (and self-servingly) requests that the Court create a remedy out of whole cloth and – without any rule or procedural mechanism which would allow the Court to do it – refashion the expired Offer and allow Plaintiff to accept or reject it within 14 days of a decision on Plaintiff's motion for class certification. Mot. at 14. This "head's I win, tails you lose" approach finds no support in the law. Nor does *Jones*, another out-of-circuit decision cited by Plaintiff, provide the Court with such authority. In *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-CV-00130-PJK, 2014 WL 6891205, at *1 (D.N.M. June 23, 2014), the court denied plaintiff's motion to strike defendant's Rule 68 offer of judgment. With little reasoning, the court stated the class certification motion, when timely filed, would "relate back to the date of the initial complaint," and that plaintiff could accept or reject the Rule 68 offer within fourteen days of a decision on class certification. *Id.* But *Jones* cited no rule which permitted the court to act as it did, cannot be squared with the language of Rule 68, and does not acknowledge the Advisory Committee's rejection of a "class action" exception to Rule 68. *Id.* The reasoning in *Jones* has also been superseded by more recent authority from that same district court. *Payne v. Tri-State Careflight, LLC*, No. CIV 14-1044 JB\KBM, 2019 WL 1242672, at *30 (D.N.M. Mar. 16, 2019) ("The Federal Rules of Civil Procedure permit offers of judgment

pursuant to rule 68 in putative class actions"). Therefore, Plaintiff has pointed to no persuasive (or current) authority that would allow the Court to grant the relief she requests. And indeed, there is none. The Offer has expired.

## CONCLUSION

For the reasons stated above and in FirstKey's Motion to Stay, FirstKey respectfully submits the Court should grant the Motion to Stay and decline to rule on Plaintiff's Motion, but at the point at which the Court does address the Motion, for the reasons stated herein, the Court should deny Plaintiff's Motion. FirstKey respectfully requests such other, further relief this Court deems just.

Dated: May 11, 2020

| | |
|---|---|
| | Respectfully submitted, |
| | |
| | */s/ Livia M. Kiser*      |
| | Harold E. Franklin (Ga. Bar No. 273416) |
| | KING & SPALDING LLP |
| | 1180 Peachtree Street, N.E. |
| | Atlanta, GA 30309 |
| | Phone: (404) 572-4600 |
| | Fax: (404) 572-5100 |
| | Email: hfranklin@kslaw.com |
| | |
| | Livia M. Kiser (*pro hac vice*) |
| | Rachael M. Trummel (*pro hac vice*) |
| | Andrew J. Chinsky (*pro hac vice*) |
| | KING & SPALDING LLP |
| | 353 N. Clark Street, 12th Floor |
| | Chicago, IL 60654 |
| | Phone: (312) 995.6333 |
| | Email: lkiser@kslaw.com |
| | Email: rtrummel@kslaw.com |
| | Email: achinsky@kslaw.com |
| | |
| | *Counsel for Defendant FirstKey Homes, LLC* |

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1B</u>

I hereby certify that the foregoing **Defendant FirstKey Homes LLC's Opposition to Plaintiff's Motion to Declare Ineffective Defendant's Offer of Judgment Dated March 13, 2020** has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B.

*/s/ Livia M. Kiser*
Livia M. Kiser

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, I electronically filed (or caused to be electronically filed) the foregoing **Defendant FirstKey Homes LLC's Opposition to Plaintiff's Motion to Declare Ineffective Defendant's Offer of Judgment Dated March 13, 2020** with the Clerk of Court using the CM/ECF system that automatically sends e-mail notification of such filing to all counsel of record.

This 11th day of May 2020.


*/s/ Livia M. Kiser*
Livia M. Kiser